Good morning, your honors. May it please the court. I would like you to imagine an American company, any American company, that wishes to hire two foreign workers. The workers have the same experience, they're going to be receiving the same prevailing wage, and they will occupy the same job. This company files two separate petitions with the United States Citizens and Immigration Services at the same time. The petition for employee A is outright denied. The petition for employee B is initially approved, but USCIS changes its mind and the following day it revokes that petition. According to the district court decision in this matter, the company could seek judicial review, judicial recourse of the outright denial on behalf of employee A, but it could not seek judicial review on behalf of employee B, despite the fact that the facts of each case were identical and the experience of both employees were identical. The Department of Homeland Security is allowed to circumvent judicial scrutiny available when a case of an I-140 employment visa petition is outright denied. I'd like to point out that there is a strong presumption in favor of judicial review of administrative action. The Supreme Court has said that this presumption is so well settled that it assumes that Congress legislates with knowledge of it, and I think that that is very important in this case, because it's only upon clear and convincing evidence, according to the Supreme Court, that that presumption can be dislodged. In this case, the Department of which is the section that governs revocations of employment visa petitions, falls within 1252AB. And 1252 is a jurisdiction stripping provision, and I think it's important to talk about 1252A2B as a whole, because the case that I would like to point the score to is the Supreme Court. And I would say it's the most important case when deciding this matter. The issue I say that is because in that case, the Supreme Court looked very closely at section 1252A2B, and it specifically said that the proximity of subsection 1 and subsection 2, which is the catch-all provision, and the words linking those sections, any other decision, suggests that Congress had in mind decisions of the same genre. Under subsection 1 of 1252, there is a list of sections that leave the discretion of the Attorney General or the Secretary of Homeland Security absolute. It clearly states there is no judicial review of decisions under those listed subsections. Excuse me. It would at least be helpful to me if you could make your arguments a little more specific in this sense. What the Department here in revoking disapproval, what exactly were the issues underlying that disapproval, and how did those, what standards were used in resolving those issues, and what evidence did the Department have to consider in deciding to revoke the approval? Yes, Your Honor. The only issue in revoking the approval that the Department of Homeland Security considered was whether or not the beneficiary of the employment petition had the required experience listed on the labor certification. The, if Your Honor looks at the decision by the Administrative Appeals Office, which is on the record, the Administrative Appeals Office actually says that because the beneficiary had failed to prove that he could perform, that he had the experience to perform the duties of the position, that the approval of the visa petition was in error. And because the beneficiary did not have that experience, that petition could be revoked. So when USCIS is looking at an immigrant visa petition, it is not looking at matters of grace, which are every other section listed in the 1252A2B subsection 1. It is an objective underlying criteria. It looks at whether the labor cert... I thought from the Department's point of view it had been given evidence, and then later it got information that that evidence was untrue. And one could easily conclude that this was a case of fraud, and therefore they withdrew the initial approval on the finding that the petitioner had not, in fact, met his burden of proof. Isn't that essentially what happened here? Your Honor, the reason why it was, according to the USCIS, the reason why it was revoked was because from their point of view, there was disparaging information on the record. There is multiple responses and multiple records that were submitted to USCIS. However, I would argue that this case was not revoked for fraud. USCIS did not state it revoked for fraud. It stated that it revoked because the beneficiary had failed to show that he had the required experience. And I think that that is essential here, Your Honor. Because it got information that was very different than the information that was initially submitted. Isn't that true? No, Your Honor. The information on the current petition was not that different. There had been two labor certifications that had been submitted on this case, and one labor certification was submitted prior to this one. And the information was not actually that different, Your Honor. It was with respect to... You made a decision to the contrary of that argument. And why was that not discretionary? Because that decision is not a discretionary decision. Whether there is disparaging information or there is fraudulent information on the record is not a decision that is a measure of equity. It is not a decision that measures a criminal record versus the equities of a client or an applicant in this case. It is a decision that is reviewable. It is objective. That standard that is listed under Section 1155, good and sufficient cause, states just that. That good and sufficient cause is whether or not... Excuse me. Haven't you omitted language from the statute which the Secretary deems in his opinion? He deems if there is good and sufficient cause, Your Honor, yes. That word deems is there. And I by no means want to ignore the word deem. I think that word does mean that the Secretary can determine if there was good and sufficient cause. However, good and sufficient cause is a legal term. And because it is a legal term, the Secretary gets to determine whether there was good and sufficient cause. He doesn't get to define good and sufficient cause. Good and sufficient cause, as the Ninth Circuit had pointed out, is whether or not on the record there is substantive and probative evidence to warrant that denial. And that's what we are arguing is reviewable. You seem to be saying that in this context, good and sufficient cause is a factual determination whether on the evidence before the Department, there was a factual basis for concluding that the applicant for the visa did not meet the requirements for the visa. Is that, at least I understand that to be your argument. That's correct, Your Honor. That is my argument. My argument is that the Secretary gets to determine whether or not good and sufficient cause is a factual question to the evidence in the record. I would like, Your Honor, to talk a little bit about the language that was used in Kukan-i-vi-Holder because although I will fully admit there are seven circuits that have ruled against my position, those decisions, six out of those seven decisions, were made before Kukan-i-vi-Holder was decided. And the most recent decision that ruled against my position after Kukan-i-vi-Holder was decided, it misses a point of immigration law that I think is essential. That decision is MIHANA, Your Honor. And that decision quotes Kukan-i-vi-Holder by saying that 1155 is a substance decision and therefore it's of the same genre as the decisions listed in subsection 1. Well, the language in Kukan-i-Holder doesn't say just substance decisions. It says substance decisions of a matter of grace. And that's what we're lacking here. When you look at an employee, you're not evaluating whether that employee on an I-140 petition can remain in the country or not. It's not an adjustment of status application. It is not a cancellation of removal application. It's an objective standard. If the I-140 is approved, that doesn't mean the employee can remain in the country. It simply means that he can now apply to remain in the country. And that's a huge difference. When the employee goes to apply to remain in the country and applies for adjustment of status, there is a matter of discretion there. Thank you. Thank you. Your Honor, may it please the Court. Aaron Goldsmith on behalf of the government. Your Honor, the question currently before the Court is whether 1252A2B, when read in connection with 8 U.S.C. 1155, precludes judicial review of the revocation of an I-140 petition. And the district court correctly ruled that it does, and this decision should be affirmed. Not all agency decisions are subject to judicial review. 701 draws out two exceptions. One, when there's a statute that precludes judicial review. And subsection 2, which relates to certain decisions committed to agency discretion by law, which is not what we're raising here. What we're raising is, as has been stated earlier, 8 U.S.C. 1252A2B. And the question is whether or not the revocation decision falls within the scope of the catch-all provision. Counsel, do you – I know this is black-letter law, but do you agree with it, that there is a presumption favoring judicial review of these kinds of administrative decisions? And if that presumption is to be overcome, it has to be done by clear and convincing evidence that Congress intended that there be no judicial review. Do you acknowledge that that's a fair statement of the black-letter law? Yes. It's Congress's intent that controls. And then courts have explained that clear and convincing in this context means a little bit different than clear and convincing. I understand that. I understand that. But still, that means something, doesn't it? That clear and convincing formulation? Yes. So how do you square that requirement with this language, which for sure does have language that suggests a discretionary call, but it also has this other language for good and the classic discretionary language. When you have that kind of mix of signals, how does that meet any clear and convincing standard? Your Honor, I'd like to make two points. The first, whether or not Congress has set forward a standard for the agency in terms of how you should go about making a decision, what factors you should consider, is separate from the decision of whether or not that decision is subject to judicial review. So the fact that Congress provided instructions to an agency is not by itself enough to indicate that it's not subject to judicial review. And the Third Circuit's decision in Gillen addressed that point. It is true that 1155, it says what it says, may at any time for what he deems to be good and sufficient clause, revoke the petition. And that is the language we're faced with and whether or not that language falls within the scope of 1252A2B2, whether or not it's discretionary. And our position is that that language specifies discretion, that reading those words as a whole, not just splitting them up, but looking at them whole, it is clear that it is a specification of discretion, as seven out of eight courts that have looked at it have concluded. So why? Why would the initial decision to deny be reviewable, but a subsequent decision to revoke not be reviewable? I don't know the answer to that for a fact, but let me make a suggestion. I would note that USCIS received something in the order of over 90,000 I-140 petitions last year. And they're not going to simply willy-nilly go back and start revoking petitions. They're only going to revoke if they have a very good reason, such as some type of misstatement, whether or not it rises to fraud or not. And Congress has created a rule-based system for immigration. There are a series of rules and they put limits on the number of immigrants who can enter the country, put limits on the ability of employers to petition on behalf of immigrants. And that system is dependent on certain rules being followed and not misrepresentations being made. And if misrepresentations can be made, if people can, in effect, cut in line and take advantage of the system, then that is a threat to the integrity of the system. And it's possible that that's what Congress was so concerned about and why Congress specifically made the decision to make revocation decisions not subject to judicial review. Sort of protecting the integrity of the initial decision-making. Absolutely. And that's what Congress was concerned about. That's why they drafted 1155 the way they did and brought it within the scope of 1252. Just to sum up, we said this is a case of statutory interpretation. We think that's the answer. I would deal with her Kukana point. Okay. Kukana dealt with the issue principally of who gets to make the decision as to whether or not a decision is subject to judicial review. And the clear answer, at least clear after promulgated regulation and insulated from judicial review. And that's really the critical point from Kukana. And here it's Congress's own language that is involved. It's not a matter of the agency  Precisely, Your Honor.